IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| G3 ENTERPRISES, INC. D/B/A COLLOPACK SOLUTIONS<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>Defendants. | Court No. 25-01008 |

**PLAINTIFF'S MOTION FOR A LIMITED LIFTING**
**OF THE STAY IMPOSED BY ADMINISTRATIVE ORDER 25-02**

**I.   INTRODUCTION**

Plaintiff G3 Enterprises, Inc. d/b/a ColloPack Solutions ("Plaintiff") respectfully moves this Court to partially lift the stay imposed by Administrative Order 25-02 for the limited purpose of allowing Plaintiff to file a motion for a preliminary injunction to suspend liquidation of certain entries for which Plaintiff has paid tariffs under the International Emergency Economic Powers Act ("IEEPA"). Unless liquidation is suspended, Plaintiff's entries will liquidate imminently in the ordinary course. Although Plaintiff believes post-liquidation relief – including a refund of IEEPA duties paid – is available (and this Court recently so held in another case), Plaintiff seeks relief from the impending final liquidations to ensure that its right to a complete refund is not jeopardized.

**II.   BACKGROUND**

Plaintiff filed its complaint in this matter on December 29, 2025 to (a) challenge the

legality of tariffs imposed pursuant to IEEPA by Executive Order 14193, 14194, 14195, 14257, and 14266, as amended, (b) prevent Defendants from collecting duties from Plaintiff pursuant to such tariff actions, and (c) obtain refunds of duties Plaintiff already paid pursuant to such tariff actions.

On December 23, 2025, the Honorable Chief Judge Mark A. Barnett signed Administrative Order 25-02 (the "Stay Order"), which automatically stays all cases "involving claims arising from and seeking relief relating to the announcement or imposition of tariffs invoking IEEPA through Executive Orders 14193, 14194, 14195, or 14257, as amended" until there is a final, unappealable decision in *V.O.S. Selections, Inc. v. United States*, 49 C.I.T. __, 772 F. Supp. 3d 1350 (2025), *aff'd in part, vacated in part*, 149 F. 4th 1312 (Fed. Cir. 2025), *cert. granted*, Appeal No. 25-250 (S. Ct.). *See* Administrative Order 25-02 (Dec. 23, 2025). By virtue of the Stay Order, the instant matter was stayed immediately upon commencement. The Stay Order permits a party to seek to lift the stay upon "good cause indicating why their case merits earlier consideration." *See id.*

### III.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The imposition of a stay is appropriate where doing so "will promote judicial economy, conserve the resources of the parties, and ultimately advance the interests of justice." *An Giang Agric. and Food. Imp. Exp. Co. v. United States*, 28 C.I.T. 1671, 1682, 350 F. Supp. 2d 1162, 1172 (2004). For instance, a "court may properly determine that it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent

proceedings which bear upon the case." *Diamond Sawblades Mfrs.' Coal. v. United States*, 34.C.I.T. 404, 406 (2010) (internal citations and quotations omitted). Attendant to the Court's discretion to manage its own docket and to impose a stay of litigation is the comparable discretion to lift a stay of litigation. *See, e.g. Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361-62 (Fed. Cir. 2016) (balancing the interests of the parties and the court in maintaining the stay of litigation); *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (explaining that a stay may be lifted when the circumstances have changed).

## IV.    ARGUMENT

Good cause exists to partially lift the stay imposed by the Stay Order for the limited purpose of allowing Plaintiff to seek a preliminary injunction suspending liquidation of the entries at issue in this lawsuit. Preliminary injunctive relief is warranted to maintain the status quo and to preserve Plaintiff's ability to obtain meaningful judicial review in the event the Supreme Court or the Federal Circuit subsequently hold that refunds of IEEPA duties are not available for liquidated entries.

Plaintiff has paid duties on its entries to the United States pursuant to Executive Order 14193, 14194, 14195, 14257, and 14266, as amended, which imposed tariffs on products of nearly every country under IEEPA. Without a suspension of liquidation, these entries will liquidate in the normal course, with the bulk of Plaintiff's affected entries starting to liquidate in the near term. The Supreme Court is currently considering the legality of these tariffs on appeal. *See V.O.S. Selections*, No. 25-250 (S. Ct.).

Both this Court and the Federal Circuit have expressed some uncertainty about a court's ability to order a refund of duties once entries are liquidated, even if a tariff is later found to be unlawful. *See Target Corp. v. United States*, 134 F.4th 1307, 1316 (Fed. Cir. 2025); *In re Section*

*301 Cases*, 524 F. Supp. 3d 1355, 1365-66 (Ct. Int'l Trade 2021). More recently, however, this Court indicated that post-liquidation relief is possible where the constitutionality of the underlying tariff is in question. *See* Opinion and Order, *AGS Co. Auto. Sols. et al v. United States*, No. 25-00255 (Ct. Int'l Trade Dec. 15, 2025), ECF No. 29. Plaintiff contends that *AGS* is correct but recognizes that *AGS* is not a final or binding decision. As Plaintiff would more thoroughly explain in its motion for a preliminary injunction to suspend liquidation of the entries at issue, the possibility that duty refunds may not be available constitutes a risk of significant harm to Plaintiff. Given the severe nature of the harm posed by final liquidation, it is in the interests of justice for this Court to partially lift the stay imposed by the Stay Order for the limited purpose of allowing Plaintiff to seek to suspend liquidation of the entries at issue.

Lifting the stay for this limited purpose would not negatively impact judicial economy. As noted above, such a lifting of the stay would be narrow and for the singular purpose of requesting that liquidation of the entries at issue be suspended during the pendency of the matter. The remaining issues of this case would remain subject to the Stay Order. Such a limited lifting of the stay would not result in significant burden on the Defendants or this Court.[1]

---

[1] Plaintiff is one of several sister companies that filed suit on December 29, 2025. *See E. & J. Gallo Winery v. United States*, No. 25-1005 (Dec. 29, 2025); *Gallo Glass Co. v. United States*, No. 25-1006 (Dec. 29, 2025); *G3 Enterprises, Inc. v. United States*, No. 27-1007; *G3 Enterprises d/b/a ColloPack Sols. v. United States*, No. 25-1008 (Dec. 29, 2025). If the limited lifting of the Stay Order is granted, Plaintiff intends to move to consolidate the four matters and file a single motion for a preliminary injunction.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court partially lift the stay imposed in this proceeding by Administrative Order 25-02 for the limited purpose of allowing Plaintiff to file a motion for a preliminary injunction to suspend liquidation of the entries at issue.

Respectfully submitted,

Dated: January 9, 2026

    /s/   Richard A. Mojica
Richard A. Mojica
Adam Feinberg
Brittany Huamani
MILLER & CHEVALIER CHARTERD
900 Sixteenth Street NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: rmojica@milchev.com
Email: afeinberg@milchev.com
Email: bhuamani@milchev.com

*Counsel for Plaintiff*